FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MINERVA M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO:  1:21-CV-03063-LRS <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 16, 22. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 16, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 22, and **REMANDS** the case back to the Commissioner for additional proceedings.

ORDER - 1

**JURISDICTION**

Plaintiff Minerva M.[1] protectively filed an application for Supplemental Security Income (SSI) on June 10, 2014, Tr. 140, alleging an onset date of June 1, 2014, Tr. 238, due to back pain/degenerative disc disease, leg pain, diabetes, hypertension, depression/anxiety, posttraumatic stress disorder (PTSD), agoraphobia, stomach cysts, bilateral foot neuropathy, and insomnia, Tr. 294. Plaintiff's application was denied initially, Tr. 147-50, and upon reconsideration, Tr. 164-66. A hearing before Administrative Law Judge Glen Meyers ("ALJ") was conducted on July 14, 2016. Tr. 31-90. Plaintiff was represented by an attorney and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Ronnie Lenore. *Id*. The ALJ entered an unfavorable decision on May 10, 2017. Tr. 13-22. The Appeals Council denied review on June 8, 2018. Tr. 1-6. Therefore, the ALJ's May 10, 2017 decision became the final decision of the Commissioner.

Plaintiff requested judicial review of the ALJ's decision from this Court, and the case was remanded for additional proceedings. Tr. 748-67. The ALJ held a second hearing on January 5, 2021. Tr. 710-47. He took testimony from Plaintiff and vocational expert Jeffrey Tittelfitz. *Id*. The ALJ entered an unfavorable

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER - 2

1  decision on January 29, 2021.  Tr. 687-703.  The Appeals Council did not assume

2  jurisdiction over the case pursuant to 20 C.F.R. § 416.1484(a).  Therefore, the

3  January 29, 2021 ALJ decision became the final decision of the Commissioner.

4  The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).

5  ECF No. 1.

6  ## BACKGROUND

7        The facts of the case are set forth in the administrative hearing and

8  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

9  Only the most pertinent facts are summarized here.

10        Plaintiff was 40 years old at the date of application.  Tr. 238.  The highest

11  grade Plaintiff completed was the eighth grade in 1990.  Tr. 295.  At application

12  Plaintiff reported a work history that included production clerk, fruit sorter, retail

13  clerk, and assistance secretary.  Tr. 296.  She stated that she stopped working on

14  December 31, 2006 due to her impairments.  Tr. 294.

15  ## STANDARD OF REVIEW

16        A district court's review of a final decision of the Commissioner of Social

17  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

18  limited; the Commissioner's decision will be disturbed "only if it is not supported

19  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

20  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

21  reasonable mind might accept as adequate to support a conclusion."  *Id.*  at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

ORDER - 3

1    "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

2    citation omitted). In determining whether the standard has been satisfied, a

3    reviewing court must consider the entire record as a whole rather than searching

4    for supporting evidence in isolation. *Id.*

5         In reviewing a denial of benefits, a district court may not substitute its

6    judgment for that of the Commissioner. "The court will uphold the ALJ's

7    conclusion when the evidence is susceptible to more than one rational

8    interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

9    Further, a district court will not reverse an ALJ's decision on account of an error

10    that is harmless. *Id.* An error is harmless where it is "inconsequential to the

11    [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation

12    omitted). The party appealing the ALJ's decision generally bears the burden of

13    establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

14    **FIVE-STEP EVALUATION PROCESS**

15         A claimant must satisfy two conditions to be considered "disabled" within

16    the meaning of the Social Security Act. First, the claimant must be "unable to

17    engage in any substantial gainful activity by reason of any medically determinable

18    physical or mental impairment which can be expected to result in death or which

19    has lasted or can be expected to last for a continuous period of not less than 12

20    months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be

21    "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER - 4

1   substantial gainful work which exists in the national economy." 42 U.S.C. §

2   423(d)(2)(A).

3        The Commissioner has established a five-step sequential analysis to

4   determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

5   416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

6   activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

7   gainful activity," the Commissioner must find that the claimant is not disabled. 20

8   C.F.R. § 416.920(b).

9        If the claimant is not engaged in substantial gainful activity, the analysis

10  proceeds to step two. At this step, the Commissioner considers the severity of the

11  claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

12  "any impairment or combination of impairments which significantly limits [his or

13  her] physical or mental ability to do basic work activities," the analysis proceeds to

14  step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

15  this severity threshold, however, the Commissioner must find that the claimant is

16  not disabled. 20 C.F.R. § 416.920(c).

17       At step three, the Commissioner compares the claimant's impairment to

18  severe impairments recognized by the Commissioner to be so severe as to preclude

19  a person from engaging in substantial gainful activity. 20 C.F.R. §

20  416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

21  enumerated impairments, the Commissioner must find the claimant disabled and

    award benefits. 20 C.F.R. § 416.920(d).

    ORDER - 5

1      If the severity of the claimant's impairment does not meet or exceed the

2   severity of the enumerated impairments, the Commissioner must pause to assess

3   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4   defined generally as the claimant's ability to perform physical and mental work

5   activities on a sustained basis despite his or her limitations, 20 C.F.R. §

6   416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

7      At step four, the Commissioner considers whether, in view of the claimant's

8   RFC, the claimant is capable of performing work that he or she has performed in

9   the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

10  capable of performing past relevant work, the Commissioner must find that the

11  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

12  performing such work, the analysis proceeds to step five.

13     At step five, the Commissioner considers whether, in view of the claimant's

14  RFC, the claimant is capable of performing other work in the national economy.

15  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

16  must also consider vocational factors such as the claimant's age, education and

17  past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

18  adjusting to other work, the Commissioner must find that the claimant is not

19  disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

20  other work, analysis concludes with a finding that the claimant is disabled and is

21  therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

ORDER - 6

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the date of application, June 10, 2014. Tr. 690. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus with peripheral neuropathy; obesity; sciatica status post remote lumbar fusion; depressive disorder; anxiety disorder; and PTSD. Tr. 690. At step three, the ALJ found that Plaintiff's impairments or combinations of impairments do not meet or equal the severity of one of the listed impairments. Tr. 692.

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> occasional stooping; no crouching, crawling, kneeling, climbing ramps, stairs, ropes, ladders, or scaffolds; frequent reaching, handling, and fingering; capable of engaging in unskilled, repetitive, routine tasks in 2-hour increments; no contact with the public; capable of working in proximity to but not in coordination with coworkers; capable of occasional contact with supervisors.

Tr. 694. The ALJ identified Plaintiff's past relevant work as produce clerk and food sales clerk and found that she could not perform this past relevant work. Tr.

ORDER - 7

701. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including final assembler, packager/sealer, and table worker. Tr. 702. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the date of application, June 10, 2014, through the date of the decision. Tr. 703.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI. ECF No. 16. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed the medical opinions in the record;

2. Whether the ALJ properly addressed Plaintiff's symptom statements; and

3. Whether the ALJ met his burden at step five.

**DISCUSSION**

**1.      Medical Source Opinions**

Plaintiff argues that the ALJ failed to properly address the opinions from N.K. Marks, Ph.D., Gabrielle Mondragon, MSW, Portia Jones, M.D., and Kathleen Mayers, Ph.D. ECF No. 16 at 9-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

ORDER - 8

*Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's. *Id.* If a treating or examining physician's opinion is

uncontradicted, the ALJ may reject it only by offering "clear and convincing

reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may reject it by

providing specific and legitimate reasons that are supported by substantial

evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995)).

### A.    N.K. Marks, Ph.D.

On  August 27, 2018, Dr. Marks completed a psychodiagnostics evaluation

at the request for Plaintiff's case worker through the Department of social and

Health Services. Tr. 1022-25. She diagnosed Plaintiff with generalized anxiety

disorder, unspecified depressive disorder, and unspecified trauma- and stressor-

related disorder. Tr. 1025. She provided the following summary:

> Results indicate severe levels of anxiety and depression, in addition to
> some past trauma that may affect her ability to work until she has
> successfully completed therapy and other interventions. She should be
> able to participate in 10 hours of TANF services initially, and requires
> ongoing therapy to assists [sic] with her symptoms.

Tr. 1025.

The ALJ failed to discuss the opinion in his decision except that Dr. Marks

found Plaintiff's "prognosis was 'good, with ongoing therapy. Her conditions are

ORDER - 9

1  very treatable' with the very type of treatment she was receiving at CMH." Tr.

2  696.  The ALJ never weighed the opinion or discussed the limitations Dr. Marks

3  opined.  Tr. 687-703.  Federal Regulations state that "[r]egardless of its source, we

4  will evaluate every medical opinion we receive." 20 C.F.R. § 416.927(c).  Social

5  Security Ruling (S.S.R.) 96-8p states that the residual functional capacity

6  assessment "must always consider and address medical source opinions.  If the

7  RFC assessment conflicts with an opinion from a medical source, the adjudicator

8  must explain why the opinion was not adopted."  Therefore, the ALJ's failure to

9  consider or discuss the opinion is an error.

10       Defendant argues that Dr. Marks' opinion was consistent with the RFC

11  determination; therefore, the ALJ was not required to discuss the opinion.  ECF

12  No. 22 at 6-7.  However, Dr. Marks stated that Plaintiff was limited to ten hours

13  TANF services per week.  According to the multiple letters from Plaintiff's case

14  worker, for adults to receive TANF public assistance, they are required to work,

15  actively look for work, or get training to work for 32 to 40 hours per week, but

16  these hours can be deferred or reduced.  Tr. 971, 976, 981, 987, 993, 998, 1016,

17  1030.  Therefore, Dr. Marks opined that Plaintiff was limited to 10 hours a week of

18  work-related activities.  Tr. 1025.  A  limitation to 10 hours a week of work

19  activity was not included in the RFC determination.  Therefore, Defendant's

20  argument is unsuccessful.

21       Not only did the ALJ fail to weigh Dr. Marks' opinion, but when he

inaccurately represented the evaluation Dr. Marks performed in his decision,

ORDER - 10

demonstrating that he did not properly review the evidence.  In making the RFC

determination, the ALJ cited Dr. Marks' evaluation (Exhibit B19F/69-72) a total of

six times.  Tr. 694-701.  First, the ALJ cited the evaluation in disregarding

Plaintiff's symptom statements as supported for the following finding: "despite her

alleged disabling mental impairments, the claimant exhibited normal mood/affect

during appointments with normal mental status examinations; 'Alert and

cooperative, normal affect, normal attention span and insight.'"  Tr. 696 *citing*

Exhibit B19F/71-72.  However, Dr. Marks' mental status examination actually

showed "anxious, depressed" affect and mood, partial orientation, poor overall

fund of knowledge, abstract reasoning "somewhat concrete and literal," fair

working memory, and "[o]verall problem solving and judgment appear to be intact

however history suggests that in actual life situations, judgment is poor and

problem solving is weak."  Tr. 1024-25.  Therefore, the normal findings referred to

by the ALJ are not an accurate representation of the mental status exam.

Second, the ALJ cites Dr. Marks' evaluation when discussing Plaintiff's

symptom statements as evidence that difficult relationships with others are not

disability mental conditions: "In August 2018, examining physician N.K. Marks,

Ph.D. opined the claimant's prognosis was 'good, with ongoing therapy.  Her

conditions are very treatable' with the very type of treatment she was receiving at

CMH."  Tr. 696 *citing* Exhibit B19F/72.  This is the only accurate citation to the

record in regards to the prognosis, but it overlooks the fact that Dr. Marks limited

Plaintiff to only ten hours of work activity at the time of the opinion.

ORDER - 11

1    Third, when assigning little weight to Dr. Mayers' September 2016 opinion,

2    the ALJ cites Dr. Marks' evaluation as support for the following statement: "she

3    has friends and sees her friends when they visit her home.  She care for and

4    socializes with her children.  She interact appropriately with treatment providers.

5    She goes shopping in stores without reported difficulty."  Tr. 699 *citing* Exhibit

6    19F/71-72.  Nothing in Dr. Marks' evaluation discusses Plaintiff's friends, caring

7    for her children, or shopping in stores.  When discussing daily activities, Dr. Marks

8    states that Plaintiff "can take care of personal needs but it takes her extra time due

9    to chronic pain.  She has to sit down and rest between activities.  Right now, she is

10    on crutches and can't do very much."  Tr. 1024.  The mental status examine

11    described Plaintiff as cooperative, but also noted that plaintiff had an anxious,

12    depressed affect and mood.  Tr. 1024.

13    Fourth, when assigning little weight to the opinions from MSW Mondragon,

14    the ALJ cites Dr. Marks' evaluation as support for the statement that her opinion

15    was "inconsistent with the claimant's admitted level and frequency of her activities

16    of daily living."  Tr.  699 *citing* Exhibit B19F/71.  As discussed above, Dr. Marks'

17    description of Plaintiff's daily activities is limited to "care of personal needs but it

18    takes her extra time due to chronic pain.  She has to sit down and rest between

19    activities.  Right now, she is on crutches and can't do very much."  Tr. 1024.

20    Therefore, this fails to support the ALJ's findings.

21    Fifth, when assigning little weight to the opinion of Dr. Jones, the ALJ cites

Dr. Marks' evaluation as "evidence that shows the claimant's [sic] has consistent

ORDER - 12

1    activities of daily living." Tr. 700 *citing* Exhibit B19F/71.  Again, Dr. Marks'

2    description of Plaintiff's daily activities is limited to "care of personal needs but it

3    takes her extra time due to chronic pain.  She has to sit down and rest between

4    activities.  Right now, she is on crutches and can't do very much." Tr. 1024.  This

5    fails to support the ALJ's finding.

6        Sixth, when giving little weight to Dr. Mayers' August 2016 opinion, the

7    ALJ cites Dr. Marks' evaluation as evidence to support his finding that "the

8    claimant has friends and sees her friends when they visit her home.  She care for

9    and socializes with her children.  She attends appointments and interacts

10   appropriately with treatment providers.  She goes shopping in stores without

11   reported difficulty." Tr. 700-01 *citing* Exhibit B19F/71-72.  Again, nothing in Dr.

12   Marks' evaluation discusses Plaintiff's friends, caring for her children, or shopping

13   in stores.  When discussing daily activities, Dr. Marks states that Plaintiff "can take

14   care of personal needs but it takes her extra time due to chronic pain.  She has to sit

15   down and rest between activities.  Right now, she is on crutches and can't do very

16   much." Tr. 1024.  The mental status examine described Plaintiff as cooperative,

17   but also noted that Plaintiff had an anxious, depressed affect and mood.  Tr. 1024.

18   Therefore, the ALJ's citation to the evaluation fails to support his finding.

19       Thus, the ALJ erred in failing to assign weight to the opinion and failing to

20   accurately represent the evidence from Dr. Marks when determining Plaintiff's

21   RFC.

ORDER - 13

**B.    Remaining opinions**

Plaintiff also challenges the weight the ALJ assigned to the opinions of Gabrielle Mondragon, MSW, Portia Jones, M.D., and Kathleen Mayers, Ph.D. ECF No. 16 at 11-17.

This case is being remanded for the ALJ to properly address the opinion of Dr. Marks. *See supra*. Here, the ALJ failed to provide any weight to Dr. Marks' opinion, and he failed to accurately represent Dr. Marks' evaluation when assigning little weight to the opinions of MSW Mondragon, Dr. Jones, and Dr. Mayers. The regulations require the ALJ to consider the factor of consistency when weighing a medical opinion. 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Therefore, on remand, the ALJ will readdress the opinions of MSW Mondragon, Dr. Jones, and Dr. Mayers after properly addressing Dr. Marks' opinion and evaluation.

**2.    Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in evaluating his symptom testimony. ECF No. 16 at 4-9.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

ORDER - 14

1  testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d

2  1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.

3      The ALJ found Plaintiff's "statements concerning the intensity, persistence,

4  and limiting effects of these symptoms are not entirely consistent with the medical

5  evidence and other evidence in the record for the reasons explained in this

6  decision." Tr. 695.  The evaluation of a claimant's symptom statements and their

7  resulting limitations relies, in part, on the assessment of the medical evidence.  *See*

8  20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being

9  remanded for the ALJ to readdress the medical opinions addressed above, a new

10  assessment of Plaintiff's subjective symptom statements will be necessary.

11  **3.    Step Five**

12      Plaintiff argues that the ALJ failed to meet his burden at step five by asserting

13  that the jobs identified by the vocational expert do not exist in substantial numbers.

14  ECF No. 16 at 18-21.  This case is being remanded for the ALJ to properly address

15  the medical opinions in the record and Plaintiff's symptom statements.  This will

16  require the ALJ to make a new RFC determination, which results in the need for a

17  new step four determination and a new step five determination.  Therefore, the ALJ

18  will call a vocational expert to testify at any remand proceedings and allow Plaintiff

19  the opportunity to cross-examine the vocational expert.

20                                    **CONCLUSION**

21      Plaintiff requests that the Court remand the case for an immediate award of

benefits.  ECF No. 16 at 21.

ORDER - 15

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Chater*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, it is not clear that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.

ORDER - 16

On remand, this case is to be assigned to a new ALJ.  That ALJ must readdress the medical opinions discussed above, readdress Plaintiff's symptom statements, and make a new step five determine.  In addition, the ALJ should supplement the record with any outstanding medical evidence and take testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 2, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 29, 2022.

LONNY R. SUKO
Senior United States District Judge

ORDER - 17